IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL DON WINCE,

    Plaintiff,

v.                                    Civil Action No. 5:15CV165
                                               (STAMP)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

    Defendant.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING THE REPORT AND
## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. Background[1]

In this case, the plaintiff, by counsel, seeks judicial review of the defendant's decision to deny his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The plaintiff applied for DIB on August 13, 2012, alleging disability beginning October 29, 2010. His claim was denied initially and then again on reconsideration. The plaintiff then filed a written request for a hearing. The Administrative Law Judge ("the ALJ") held a hearing on March 17, 2014. The ALJ issued an unfavorable decision to the plaintiff on May 30, 2014, and the plaintiff appealed. The appeals council denied the plaintiff's request for review, and the plaintiff timely brought his claim before this Court. The plaintiff worked as tree trimmer for twelve

---

[1]This memorandum opinion and order contains only the most relevant procedural and factual information. For more extensive background information, see ECF No. 14.

years and alleges that back, neck, and shoulder problems, a learning disability, and anxiety have limited his ability to work.

To determine whether the plaintiff was disabled, the ALJ used a five-step evaluation process pursuant to 20 C.F.R. §§ 404.1520 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since October 29, 2010, the date of the alleged onset of the plaintiff's disability; (2) the plaintiff had the following severe impairments: status-post cervical discectomy and fusion for treatment of cervical fracture, grade 1 anterolisthesis of C3 and C4, cervicalgia, osteoarthritis of the hands, and mental impairments of borderline intellectual functioning and an anxiety disorder; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff is unable to perform any past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." ECF No. 7-2 at 21. Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff filed a motion for judgment on the pleadings and the defendant filed a motion for summary judgment. ECF Nos. 9 and 11, respectively. The plaintiff also responded to the defendant's

motion for summary judgment. ECF No. 13. The plaintiff argues that (1) the ALJ erred by failing to perform the required function-by-function analysis when determining the plaintiff's residual functional capacity ("RFC") and (2) the ALJ's step five finding is not supported by the vocational expert's testimony because the job cited by the ALJ does not exist in significant numbers. The defendant argues that (1) substantial evidence supports the ALJ's RFC assessment, where he accounted for all credibility-established limitations related to the plaintiff's neck impairment, and (2) the ALJ appropriately relied on the testimony of the vocational expert at step five.

The magistrate judge entered his report and recommendation on January 12, 2017. The magistrate judge recommends that this Court deny the defendant's motion for summary judgment, grant the plaintiff's motion for judgment on the pleadings, and remand the civil action.

As to the parties' first contention, the magistrate judge found that substantial evidence does not support the ALJ's RFC finding. The magistrate judge found that, while the ALJ did assess what functions the plaintiff can perform, he failed to discuss his ability to perform those functions for a full workday. Additionally, the magistrate judge noted that the ALJ failed to reference the plaintiff's range of motion limitations in the RFC and provided no explanation for the omission. Thus the magistrate

3

judge is "left to guess about how the ALJ arrived at his conclusions on Plaintiff's ability to perform relevant functions." ECF No. 14 at 21 (citing Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015)).

As to the parties' second contention, the magistrate judge found that the vocational expert's testimony is unreliable because (1) the vocational expert's answer to one of the ALJ's hypothetical questions lacks clarity and (2) it is unclear whether the posed hypothetical included all of the plaintiff's functional limitations. The magistrate judge found that contradictions in the vocational expert's statements suggest that if the job in question, a surveillance system monitor position, "involves certain levels of complexity, then Plaintiff might not be able to perform those more complex jobs." ECF No. 14 at 23. The magistrate judge concluded that "[t]his casts doubt on [the expert's] initial assessment, obscuring the actual number of system monitor positions available." ECF No. 14 at 23. As to the ALJ's hypothetical questions, the magistrate judge was unable to determine whether they included all the plaintiff's functional limitations because the ALJ never determined the plaintiff's range of motion limitations relating to the plaintiff's neck impairments.

For those reasons, the magistrate judge found that substantial evidence does not support the defendant's denial of the plaintiff's application for DIB. Thus, the magistrate judge determined that

the defendant's motion for summary judgment should be denied, the plaintiff's motion for judgment on the pleadings should be granted, and that the civil action should be remanded. The parties did not file objections. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's

5

decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation. As to the parties' first contention regarding whether substantial evidence supports the ALJ's RFC finding, the magistrate judge correctly concluded that the ALJ's RFC assessment is not supported by substantial evidence. Social Security Ruling 96-8p requires that the RFC assessment "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Mascio, 780 F.3d at 636 (quoting SSR 96-8p, 61 Fed. Reg. at 34,474-01). Only after a function-by-function analysis may the RFC be expressed "in terms of the exertional levels of work." Id. The ruling also requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id.

(quoting SSR 96-8p, 61 Fed. Reg. at 34,474-01). Remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

The magistrate judge noted that the only evidence cited by the ALJ regarding the plaintiff's range of motion limitation is the fact that, specifically regarding the plaintiff's cervicalgia, one doctor reported that the plaintiff is able to carry out all of his day-to-day activities, but "has severe traumatic arthritis involving his cervical spine, which prevents him from turning his head side to side." ECF No. 14 at 20. The ALJ also failed to discuss the plaintiff's ability to perform particular functions for a full workday. The magistrate judge correctly found that the ALJ erred in failing to mention the plaintiff's range of motion limitations relating to his neck impairments and that the error was not harmless. The magistrate judge properly concluded that the cited evidence does not amount to substantial evidence.

As to the parties' second contention regarding whether the ALJ's step five finding is supported by the vocational expert's testimony, the magistrate judge correctly concluded that the vocational expert's testimony is unreliable. The vocational expert indicated in her testimony that the number of available jobs she

7

cited could be significantly reduced if the surveillance system monitor position involves certain levels of complexity. Thus, given the vocational expert's unclear testimony, it is impossible to extract any clear estimates of available jobs. The magistrate correctly concluded that remand is necessary so that the vocational expert can assess the actual number of jobs with a complexity level that fits the plaintiff's capabilities.

Additionally, because the ALJ never determined the plaintiff's range of motion limitations relating to his neck impairments, it is impossible to determine whether the hypothetical questions he posed to the vocational expert account for all of the plaintiff's functional limitations. See Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006) ("[I]n order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." (citing Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989))). Thus, the magistrate judge correctly concluded that remand is further necessary for the ALJ to pose hypothetical questions that account for all of the plaintiff's functional limitations after the ALJ determines the plaintiff's range of motion limitations relating to his neck impairments. Accordingly, this Court finds no error in the determination of the magistrate judge and thus upholds his ruling.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED. Thus, the defendant's motion for summary judgment is DENIED and the plaintiff's motion for judgment on the pleadings is GRANTED. It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with the magistrate judge's report and recommendation. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the defendant has failed to object, she has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 13, 2017

                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE